UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

23-MC-335 (JGLC)

In re Application of GHF GENERAL PARTNER
LIMITED and THE GHF GROUP LIMITED for an
*Ex Parte* Order to Conduct Discovery for Use
in Foreign Proceedings Pursuant to 28 U.S.C.
§ 1782

**ORDER GRANTING *EX
PARTE* APPLICATION
TO CONDUCT
DISCOVERY
PURSUANT TO
28 U.S.C. § 1782**

JESSICA G. L. CLARKE, United States District Judge:

GHF General Partner Limited ("GHF GP") and The GHF Group Limited ("GHF," and

with GHF GP, the "GHF Parties" or "Applicants") bring this application (the "Application")

pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Mr. Badr Jafar

("Respondent"), by means *subpoenas duces tecum* and *ad testificandum* pursuant to Fed. R. Civ.

P. 45, to obtain documents and deposition testimony. Having considered Applicant's

submissions, the Court concludes – without prejudice to the timely filing of a motion to quash

the subpoena and, in the event such a motion is filed, subject to reconsideration – that Section

1782's statutory requirements are met and that the *Intel* factors favor granting the Application.

*See, e.g., Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro

Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

Accordingly, the Application is GRANTED. Applicants' U.S. counsel, CLEARY

GOTTLIEB STEEN & HAMILTON LLP, is authorized to issue and serve subpoenas in a

substantially similar form as the ones attached hereto as Exhibits A and B (as submitted by

Applicants), together with a copy of this Order, no later than **seven days** from the date of this

Order. Within one day of serving the subpoenas on Respondent, Applicant shall provide

courtesy copies of the subpoena, Application and supporting documents to the party or parties

against whom the requested discovery is likely to be used through any such party's counsel, or if

the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Respondent is furthered ordered to preserve all relevant and potentially relevant evidence in Respondent's possession, custody or control until further order of the Court. Additionally, nothing in this Order shall be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve subpoenas on any additional persons or entities.

It is further ordered that the foregoing is without prejudice to the rights of the Respondent to file a motion to vacate or quash. Such motions must be filed by no later than **October 6, 2023**; Applicant's response to any such motion is due by no later than **October 13, 2023**; and replies are due by no later than **October 20, 2023**.

Any further proceedings (including any discovery taken pursuant to this Order) shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (https://www.nysd.uscourts.gov/rules) and the Court's Individual Rules and Practices in Civil Cases (https://www.nysd.uscourts.gov/hon-jessica-g-l-clarke).

This Section 1782 Application and all supporting materials shall be unsealed on **November 10, 2023**, or upon the GHF Parties notifying the Court that they have served subpoenas on Mr. Badr Jafar pursuant to this Order, whichever comes first. At the time the Application is unsealed, if the parties believe there are filings that should remain under seal, they

may make a motion for continued sealing or redaction in compliance with the Court's Individual Rules.

If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate any pending motions and to close the case.

Dated: September 15, 2023
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

# Exhibit A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York ▾

| |
|---|
| *In re* Application of GHF General Partner Limited and The GHF Group Limited for an *Ex Parte* Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 |

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **Badr Jafar**

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ~~Offices of Cleary Gottlieb Steen & Hamilton LLP~~ One Liberty Plaza, New York, NY 10006 or another place mutually agreed to. | Date and Time: |
|---|---|

The deposition will be recorded by this method: __video and stenographic transcription.__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __GHF General Partner Limited and the GHF Group Limited__ , who issues or requests this subpoena, are:
Rahul Mukhi / Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 / rmukhi@cgsh.com / 212-225-2912

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York ▾

*In re* Application of GHF General Partner
Limited and The GHF Group Limited for an
*Ex Parte* Order to Conduct Discovery for Use
in Foreign Proceedings Pursuant to 28 U.S.C.
§ 1782

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Badr Jafar**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached schedule.

| Place: See attached schedule. | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GHF General Partner Limited and the GHF Group Limited _____, who issues or requests this subpoena, are:

Rahul Mukhi / Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, NYC, NY 10006 / rmukhi@cgsh.com / 212-225-2912

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA *DUCES TECUM*

Pursuant to the foregoing subpoena *duces tecum*, Badr Jafar is required to produce for examination, inspection and copying at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, or at such other place or time, or in such other manner, as the parties mutually agree, all documents described below.

## DEFINITIONS

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set out in Rule 26.3(c) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2.      "2018 Settlement Agreement" means the settlement deed entered into between Abdulhameed and Naqvi and which it is understood was executed on or about August 28, 2018.

3.      "Abdulhameed" means the Plaintiff in the Cayman Litigation (defined below), Abdulhameed Dhia Jafar.

4.      "AH" means Abraaj Holdings, a Cayman Islands limited company currently in official liquidation.

5.      "AIML" means Abraaj Investment Management Limited, a Cayman Islands limited company currently in official liquidation.

6.      "Cayman Litigation" means the proceedings captioned *Abdulhameed Dhia Jafar v. Abraaj Holdings (in Official Liquidation) and Others*, FSD 203 of 2020 (NSJ) (Grand Ct. Cayman Is.).

7.      "Concern," "concerning," or "evidencing" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence,

identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

        8.      "Healthcare Fund" means two Cayman Islands exempted limited partnerships formerly known as Abraaj Growth Markets Health Fund LP and Abraaj Growth Markets Health Fund (B) LP.

        9.      "Loans" refers to the loans allegedly transferred by Abdulhameed as follows:

        (a)     US $100 million (AED 367,300,000) to AIML on 21 December 2017;

        (b)     US $200 million (by way of two transfers, each of AED 367,300,000) to AH on 27 December 2017; and

        (c)     US $50 million (AED 183,650,000) to AH on 28 December 2017.

        10.     "Majid" means Majid Jafar, son of Abdulhameed.

        11.     "Naqvi" refers to Arif Naqvi.

        12.     "Nerguizian" means Varoui Nerguizian.

## INSTRUCTIONS

        1.      In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of this Request documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of the feminine, masculine or neuter genders shall include all genders.

        2.      No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3. Unless otherwise indicated, the relevant time period for purposes of these Requests is between January 1, 2017 through the present.

4. All documents shall be produced in the manner in which they are maintained in the usual course of business. A request for a document shall be deemed to include a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

5. All documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

6. Provide all ESI in the forms and manner specified in the attached ESI Production Specifications (Appendix A).

7. In the event respondent withholds any document called for by this Request on the basis of a claim of privilege, respondent shall provide the information required by Rule 26.2 of the Local Civil Rules.

8. In the event that any document called for by this Request has been destroyed or discarded, respondent shall provide a written document identifying the document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the document's date of destruction or discard, manner of destruction or discard,

and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

9.      If objection is made to any of the Requests, the response shall state whether any documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

10.     If there are no documents responsive to any particular request, the response shall state so in writing.

11.     You shall produce all responsive documents within your possession, custody, or control, including documents in the possession, custody, or control of your agents, attorneys, or assigns, and including any documents you can access, request, or obtain, whether in electronic, physical, or other format, and irrespective of where those documents are located. Without limiting the foregoing, you shall produce all responsive documents contained in folders, inboxes, outboxes, or servers associated with the email accounts bjafar@gulftainer.com and bjafar@crescent.ae.

12.     Where documents responsive to any of the Requests have already been produced in the Cayman Litigation, you shall not be required to produce any such documents a second time. As part of your responses to these Requests, if you withhold documents on this basis you shall so state in writing and describe such withheld documents with sufficient particularity such that the GHF Parties can confirm that the documents were previously produced. For the avoidance of doubt, this instruction does not limit your obligation to produce any responsive documents that have not already been produced in the Cayman Litigation.

13.     This Request is continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplementary responses and produce additional documents if You obtain further or different information.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**

All documents and communications concerning the Loans, including all communications concerning the Loans, any restructuring of the Loans, or the 2018 Settlement Agreement.

**REQUEST NO. 2**

All documents concerning, evidencing, or discussing the financial status or business prospects of AH, AIML or the Healthcare Fund, including but not limited to financial statements, balance sheets, forecasts, budgets, business plans, statements of account, revenue statements, cash flow statements, projections, or valuation analyses, and any documents containing discussions of or commentary on the foregoing.

**REQUEST NO. 3**

All documents and communications concerning or discussing the accuracy, completeness, or veracity of any statement or representation made by Naqvi, AH, or AIML, or any director, employee, or officer of Naqvi, AH, AIML or the Healthcare Fund on the one hand, to any investor of, limited partner in, or lender to Naqvi, AH, AIML, the Healthcare Fund or any affiliate of Naqvi, AH, AIML, or the Healthcare Fund on the other hand.

**REQUEST NO. 4**

All documents and communications concerning or discussing the accuracy,

completeness, or veracity of any drawdown notice issued by AIML.

**REQUEST NO. 5**

Without limitation of time, all documents and communications concerning any actual or

suspected embezzlement or misappropriation of funds by Naqvi, AH, or AIML.

**REQUEST NO. 6**

All documents and communications concerning interactions between any director,

employee, or officer of AH or AIML, on the one hand, and any investor in, limited partner in, or

lender to the Healthcare Fund.  The time period for this request is September 1, 2017 through

June 30, 2018.

**REQUEST NO. 7**

All documents and communications concerning the Cayman Litigation.


Dated: _____, 2023
      New York, New York


Rahul Mukhi
(rmukhi@cgsh.com)
William E. Baldwin
(wbaldwin@cgsh.com)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for The GHF Parties*


TO:    Badr Jafar

**APPENDIX A**

**Production Specifications For Badr Jafar**

1.   **FILE FORMATS**

1.1   Each document shall be provided with all of its attachments with family relationships indicated using the BegBatesAttach and EndBatesAttach metadata fields described in 2.1 below.

1.2   All documents shall be produced in standard single-page Group IV TIFF format, *except* that the following shall be produced in native format:

  (a)   any audio, audiovisual, video, and any other file that is unreadable or has limited accessibility in the Group IV TIFF format; and

  (b)   Microsoft Excel files and other spreadsheets to the extent such files do not require redactions.

1.3   The parties shall meet and confer in good faith to determine a reasonable manner for producing the relevant information to the extent a response to discovery requires production of information contained in a database or any other format not reasonably producible in TIFF or native format.

1.4   Documents produced in TIFF format shall be produced with Bates numbers stamped on each page. Bates numbers shall be of constant length, be sequential across a document and its attachments, be unique across the entire production, and contain no special characters except dashes.

1.5   Any native files that are produced shall also be produced with a one-page Bates-numbered TIFF image slip-sheet stating "Document has been produced in native format."

1.6   The responding party will make reasonable efforts to ensure that documents produced in TIFF format are readable. For good cause, the requesting party may request that documents originally produced in TIFF format be re-produced in native format, which request shall not unreasonably be denied. The requesting party shall identify documents for re-production by Bates number and provide an explanation of the need for native files.

1.7   The responding party will make reasonable efforts to process fully all documents for production. For any documents not fully processed, the responding party shall produce a TIFF image with the reason the document was not processed.

1.8   A Concordance-compatible image load file shall be included with each production.

1.9     Documents produced in the Group IV TIFF format shall be produced such that comments, notes, speaker notes, track changes, hidden rows, hidden columns, and any other hidden or invisible text are displayed.

1.10    Any redactions applied to documents shall contain text indicating the basis for redaction (e.g., "Redacted for Privilege").

## 2.     METADATA

2.1     For each document, the responding party shall provide the metadata specified below, to the extent they can reasonably be extracted or otherwise provided, in a delimited text file.

| Metadata Field | Description | Examples |
|---|---|---|
| **Production Metadata Fields for All Documents** | | |
| BegBates | Bates number for the first page of the document | [Bates Prefix]-00000001 |
| EndBates | Bates number for the last page of the document | [Bates Prefix]-00000010 |
| BegBatesAttach | Bates number for the first page of the parent document (i.e., an email or other document containing attachments) | [Bates Prefix]-00000001 |
| EndBatesAttach | Bates number of the last page of the last attachment to the parent document | [Bates Prefix]-00000015 |
| Custodians | Name of the custodian or custodians who possessed this item or exact duplicates thereof | Jones, Barbara |
| PGCount | Number of pages | 1 |
| RecordType | Type of item being produced | Email, Email Attachment, Electronic Document, Hardcopy Document |
| Redaction | For documents containing redactions, the basis for such redactions | Privileged, Personal, Proprietary |
| MD5Hash | The MD5 hash value for the item | |
| NativePath | File path to the native file on the production media if applicable (a.k.a. production file path) | Prefix001\NATIVES\000\ Prefix00000001.msg |
| TextPath | File path to the extracted or OCR text on the production media if applicable | Prefix001\TEXT\000\ Prefix00000001.msg |
| **Additional Document Metadata Fields for Hardcopy Documents** | | |
| Location | Original location of the document | Office, Home office, Secretary's office |
| Box | Any label on the box or filing cabinet where the document was originally located | ABC Corp. Acquisition |
| Folder | Any label on the folder where the document was originally located | Correspondence, Board Materials |

| Additional Document Metadata Fields for Electronic Documents and Attachments | | |
|---|---|---|
| FileName | Original name of the file when collected from the source custodian or system | exampledoc.doc, file.xls |
| FileType | File type or application used to create the underlying native file | Excel, Word, PowerPoint, MP3 |

| Metadata Field | Description | Examples |
|---|---|---|
| FilePath | Original location of the file when collected from the source custodian or system | C:\My Documents\Deal Documents |
| MasterDateTime | For parent emails, the sent date and time of the email<br>For email attachments, the date and time of the parent email | MM/DD/YYYY HH:MM:SS |
| Title | Title of the document | Purchase Agreement |
| Author | Author of the document | Barbara Jones |
| FileSize | Size of native file documents in KB | 8,745 |
| DateTime_Mod | Date and time the item was last modified | MM/DD/YYYY HH:MM:SS |
| DateTime_Created | Date and time the item was created | MM/DD/YYYY HH:MM:SS |
| TimeZone | The time zone in which the documents were standardized during conversion | UTC |
| Additional Document Metadata Fields for Email and Other Electronic Communications | | |
| DateTime_Sent | Date and time the email message was sent, using a 24-hour clock, in Greenwich Mean Time (GMT) | MM/DD/YYYY HH:MM:SS |
| From | Name and email address of the person who sent the email message | Barbara Jones barbarajones@co.com |
| To | Addressee(s) of the email message | Barbara Jones barbarajones@co.com |
| CC | Recipient(s) included in the "cc" line of the email message | Barbara Jones barbarajones@co.com |
| BCC | Recipient(s) included in the "bcc" line of the email message | Barbara Jones barbarajones@co.com |
| Subject | Subject line of the email message | FW: your message |
| IntFilePath | The name of the email folder in which the email message was located | Inbox, Sent, Deal Documents |
| IntMsgID | A field indicating whether an email message is part of a conversation thread with other email messages. | <000805c2c71b$75977050$cb8306d1@MSN> |

3.  **EXTRACTED TEXT**

3.1  For each document, the responding party shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted.  In these instances, provide a text file created using optical character recognition (OCR) to the extent reasonably practicable.

3.2  The text file name containing the extracted or OCR text should be named with the BegBates number of the document.

4.  **DEDUPLICATION**

4.1  A document is an exact duplicate of another document only if it and all its family members have the same MD5 or SHA-1 hash values as the other document and its family members.

4.2  If a document and its exact duplicates are associated with the same custodian, the responding party shall withhold the exact duplicates from production.

4.3  If a document and its exact duplicates are associated with different custodians, the responding party shall withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.