# EXHIBIT 3

Cassia Court, Camana Bay
Suite 716, 10 Market Street
Grand Cayman, KY1-9006
Cayman Islands
T: +1 345 943 7700



| | |
|---|---|
| **DD:** | +1 345 ████ |
| **E:** | ████ @forbeshare.com |
| **Our Ref:** | KY5061-001 |
| **Your Ref:** | JJF/REF/426437.00004 |

**By Email**

Mr Badr Jafar
Crescent Tower
Buhaira Corniche
PO Box 2222
Sharjah
UAE

05 May 2023

Dear Mr Jafar

**Request for Documents**

We act for your father, Mr Abdulhameed Dhia Jafar.

As you may be aware, our client is the Plaintiff in proceedings FSD 203 of 2020 (NSJ) in the Grand Court of the Cayman Islands against (1) Abraaj Holdings (in official liquidation) ("**AH**") (2) GHF General Partner Limited (3) The GHF Group Limited and (4) Abraaj General Partner VIII Limited.

In those proceedings, our client seeks damages in respect of Loans which he advanced to certain entities in the Abraaj group of companies in December 2017:

- A **First Loan** of US$100 million on 21 December 2017;
- A **Second Loan** of US$200 million on 27 December; and
- A **Third Loan** of US$50 million on 28 December 2017.

Our client claims in deceit and unjust enrichment on the basis that he made the loans in reliance on certain representations made to him by Mr. Arif Naqvi, the former CEO of AH (the first defendant to the Proceedings), during negotiations in December 2017 that conveyed a message that the finances and management of the Abraaj group were sound and proper (the "**Overarching Message**").  Our client says that, unbeknown to him at the time, the Overriding Message was false.

We enclose copies of the parties' pleadings in which they have set out their respective cases, including in relation to the Loans.

The parties gave disclosure in the proceedings at the end of January. Our client gave disclosure of his own documents, as well as documents that he had obtained from, among others, (i) Mr Varouj Nerguizian, the CEO of Bank of Sharjah, and our client's banker, who, with our client, was closely involved in the negotiation of the loans and with the payments made by our client to Abraaj; (ii) Mr Richard Ernest, the partner at Gibson Dunn who represented our client in dealings with the Abraaj Group and Mr Naqvi relating to the non-payment of the loans, the subsequent restructuring, the settlement with Mr Naqvi and the insolvency of AH and Abraaj Investment Management Limited ("**AIML**"); and (iii) Mr Tushar Singhvi, the Deputy CEO & Head of Investments at Crescent Enterprises who acted for our client during the insolvency processes of AH and AIML and in relation to the realization of the assets that our client received from Mr Naqvi as part of the settlement. Our client also sought and obtained disclosure of documents from Mr Naqvi, pursuant to a right granted to him under a settlement agreement signed between our client and Mr Naqvi in August 2018.

The parties are currently preparing for trial, which is listed to begin in November 2023.

By summonses dated 27 March 2023 Defendants 2, 3 and 4 applied for Orders requiring our client to give disclosure of documents in your possession (the "**Custodian Summonses**"). The Defendants sought those Orders on the basis that you acted as our client's agent in relation to the negotiation, making and subsequent restructuring of the Loans. These applications were based primarily on a series of WhatsApp messages exchanged between you and Mr Naqvi, copies of which were disclosed by Mr Naqvi. We enclose a copy of the complete WhatsApp exchange.

Those summonses were heard before The Honourable Mr Justice Segal at a hearing on 24 and 25 April 2023. Our client resisted the Defendants' applications on the basis that you were not our client's agent in relation to the loans, but rather acted as an informal messenger in the course of negotiations between our client and Mr Naqvi. Our client said that documents in your possession were not in our client's power for the purposes of O.24, r.2 of the Cayman Islands Grand Court Rules ("**GCR**"). Our client also noted that his ability to obtain documents from you was restricted under UAE law (although our client recognised that such restrictions did not prevent the learned Judge from making the Orders sought by the Defendants).

Justice Segal gave a ruling in relation to the Custodian Summonses on 30 April 2023. Justice Segal agreed with our client that you were not his agent. However, the learned judge nonetheless found that documents in your possession relating to the negotiation, drafting, documenting, funding, advance, implementation, restructuring and your dealings in connection with or regarding the three Loans which are the

subject of our client's claims in this action (the "**Documents**") are documents in our client's power for the purposes of GCR O.24. Justice Segal reached that conclusion on the basis that there were "*reasonable grounds to infer that there was at least an understanding between Badr and the Plaintiff that the Plaintiff would have and be given free access to all such Documents*". We enclose a copy of the ruling.

Consistent with the position taken by him at the hearing, our client respectfully disagrees with the learned judge's conclusion that there was an understanding between you and him of the nature set out in the ruling. Nonetheless, and without prejudice to whether or not our client accepts the Court's findings or conclusions to be accurate, our client is bound by Justice Segal's findings and is, in any event, eager to ensure that any potentially relevant documents are put before the Court at trial. We are therefore writing to you to ask you to search for and produce copies of the Documents to our client so that he may give discovery of them in the proceedings.

We note that the learned judge said in his ruling that you are to be treated as one of our client's custodians for the purposes of the Discovery Protocol in respect of the Documents. The Discovery Protocol is a long and detailed document negotiated between the parties, and subsequently endorsed by an order of the Court, which governs the arrangements for giving discovery in the proceedings. We enclose a copy of the Discovery Protocol. For the purposes of your search for Documents, we would draw your attention, in particular, to:

- Paragraph 9 of the Discovery Protocol which lists the categories of documents which the parties are expected to include in their discovery. As you will see, those categories include documents from mobile devices, text messages and messages from messaging applications as well as audio and video recordings and hard copy documents.
- Paragraph 14 of the Discovery Protocol which specifies the way in which documents should be collected including, in the case of electronic documents, by preserving their electronic metadata.

Our client is working to ensure that the case proceeds expeditiously to trial in November 2023 and is keen to conclude his discovery as quickly as possible. To that end, we would be most grateful if you could respond to this letter as a matter of urgency.

Yours faithfully

**Forbes Hare**