**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
BEIJING
HONG KONG
SEOUL

EUROPE & MIDDLE EAST
ABU DHABI         LONDON
BRUSSELS          MILAN
COLOGNE           PARIS
FRANKFURT         ROME

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN

ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
CATHERINE S. GRIMM
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 225 212 2912
rmukhi@cgsh.com

October 3, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2023

**VIA ECF**

Hon. Jessica G. L. Clarke
 United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *In re* Application of GHF General Partner Limited and The GHF Group Limited for an *Ex Parte* Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, Case No. 23-mc-335 (JGLC)

Dear Judge Clarke:

Pursuant to the Court's Order of September 26, GHF General Partner Limited and The GHF Group Limited (together, the "GHF Parties") respectfully submit this letter-motion to maintain under seal certain documents submitted in support of the GHF Parties' Application for an *Ex Parte* Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 ("Application").

**Background.** The GHF Parties filed the Application on September 11, 2023, seeking an order under 28 U.S.C. § 1782 authorizing service of subpoenas on Badr Jafar in connection with a lawsuit by Abdulhameed Jafar, Badr's father,[1] against the GHF Parties in the Cayman Islands ("Cayman Litigation"). Pursuant to an order by the Part I judge, the Application was filed under seal. *See* Order to File Civil Case Under Seal, *In re Misc. Application to File a Civil Case Under Seal*, 23-mc-333 (Sept. 11, 2023). In the September 15 Order, the Court granted the Application

---

[1] The GHF Parties refer to Abdulhameed and Badr Jafar by their first names in order to distinguish them from one another. No undue familiarity is intended.

Hon. Jessica G. L. Clarke, p. 2

without prejudice to a future motion to quash, and ordered that the case was to remain under seal until service was effected on Badr. Sept. 15 Order at 2-3.

The GHF Parties served Badr with the September 15 Order and the two authorized subpoenas on September 20, 2023. The next day, the GHF Parties provided copies of the Application materials and subpoenas to the other parties in the Cayman Litigation and informed them that the docket would be unsealed. *See* Declaration of William E. Baldwin ¶ 3 (Sept. 27, 2023) (ECF No. 12). On September 26, the Court ordered that any motions to seal be filed by October 3, 2023. ECF No. 7.

The GHF Parties now seek continued sealing for three documents that were attached as exhibits to the Declaration of Matthew Goucke ("First Goucke Declaration") in support of the Application: a May 19, 2023 email from Badr to Abdulhameed (First Goucke Decl. Ex. D); the Witness Statement of Simon Conway (First Goucke Decl. Ex. E); and the Witness Statement of Abdulhameed Jafar (First Goucke Decl. Ex. F) (together with the Witness Statement of Simon Conway, the "Witness Statements," and, with the May 19 Email, the "Confidential Exhibits"). The GHF Parties also seek to redact those portions of their Memorandum of Law in Support of the Application that rely on the Confidential Exhibits, as reflected in the proposed redacted filing attached as Exhibit 3 to the Second Declaration of Matthew Goucke (October 3, 2023) ("Second Goucke Declaration"), submitted in support of this letter-motion. Abdulhameed's Cayman counsel provided the GHF Parties with his position regarding which documents should be sealed, as reflected in the materials attached as Exhibits 1 and 2 to the Second Goucke Declaration. The GHF Parties also informed Badr's counsel of the sealing positions of the GHF Parties and Abdulhameed. Badr's counsel stated that their client takes no position on what should be sealed, as he is not a party to the Cayman Litigation.

**Legal Standard.** As the Court is aware, when considering whether to seal judicial documents, it must determine the strength of the common-law presumption of public access applicable to the documents, and then "balance 'competing considerations' against the weight of the presumption of access." *In re Telegraph Media Group Ltd.*, No. 23-mc-215 (JGLC), 2023 WL 5770115, at *3 (S.D.N.Y. Sept. 6, 2023) (Clarke, J.) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Court must also consider whether the "qualified First Amendment right to access judicial documents" applies to the documents in question, and if so, must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Telegraph Media*, 2023 WL 5770115, at *3 (quoting *Lugosch*, 435 F.3d at 120).

**A Lesser Common-Law Presumption of Access Applies Here.** Applications for discovery under 28 U.S.C. § 1782 are "non-dispositive" submissions subject to a "lesser," although "still substantial," presumption of public access. *In re Upper Brook Cos.*, No. 22-mc-97 (PKC), 2023 WL 172003, at *5 (S.D.N.Y. Jan. 12, 2023). Here, the GHF Parties do not seek to seal the Application itself; they seek only to seal three exhibits submitted in support of the Application and lines from the Memorandum of Law that rely on those materials.

**Competing Considerations Support Sealing.** One of the "higher value[s]" that weighs against a presumption of public access to judicial documents "is the need to safeguard information protected from disclosure by law," including foreign law. *Leonard v. John Hancock*

Hon. Jessica G. L. Clarke, p. 3

*Life Ins. Co. of N.Y.*, No. 18-cv-4994-AKH, 2020 WL 1547486, at *1 (S.D.N.Y. March 31, 2020) (finding sealing justified by confidentiality provisions of Canadian law); *see also Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702 (DLI) (MDG), 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011) (finding French bank secrecy laws justified sealing judicial documents). As set forth in the Second Goucke Declaration, Cayman Islands law generally forbids recipients of confidential information covered by the relevant statute from disclosing it to the public. *See* Second Goucke Decl. ¶ 3.

The Witness Statements contain information provided to the GHF Parties during the course of the Cayman Litigation, and Abdulhameed has asserted the confidentiality of that information. *See* Second Goucke Decl. at ¶ 5. These two case filings are not yet public. *Id.* The May 19 Email contains confidential information subject to protection under Cayman law. *Id.* at ¶ 4. Considering the lessened presumption of public access that attaches to this discovery proceeding, the GHF Parties believe sealing is appropriate to preserve the asserted confidentiality of the Witness Statements and the May 19 Email. Moreover, given their limited nature, the proposed sealed documents and redactions will not materially limit the public's ability to understand the nature of the Application or its disposition. *Cf. Telegraph Media*, 2023 WL 5770115, at *5 ("public's ability to understand [the] disposition" of the action was reason for ascribing "substantial" presumption of access to motion papers).

**First Amendment Concerns Are Not Implicated.** The First Amendment right of access hinges on whether "the public would historically have had a right of access" to the proceedings in which the sealed document is involved, and whether "public access plays a significant positive role in the functioning of the particular process in question." *United States v. All Funds on Deposit*, 643 F. Supp. 2d 577, 583 (S.D.N.Y. 2009).

Here, the relief the GHF Parties sought in the Application—issuance of civil subpoenas—is in most cases obtained without any public filings. Historically, subpoenas have been obtained from the clerk of court, also without public court filings. *See Henning v. Boyle*, 112 F. 397, 397 (C.C.S.D.N.Y. 1901) ("The party wishing to compel the attendance goes to the office of the clerk where the trial is to be had, and obtains from him an original writ of subpoena and a copy, no application to the judge therefor being required."). Accordingly, there is neither a historical right of public access to the proceedings attending the issuance of a subpoena, nor has "public access play[ed] a significant positive role in the functioning" of the subpoena-issuance process. *All Funds*, 643 F. Supp. 2d at 583. But even if First Amendment concerns were implicated here, as discussed above, the documents the GHF Parties propose to maintain under seal are not important to understanding the nature of these proceedings; sealing them would be a "narrowly tailored" measure to preserve foreign-law confidentiality requirements. *Telegraph Media*, 2023 WL 5770115, at *3.

**Abdulhameed's Position.** Abdulhameed's Cayman counsel has asserted a broader view on sealing as reflected in Exhibits 1 and 2 to the Second Goucke Declaration. As explained in the Second Goucke Declaration, the GHF Parties believe these additional sealing requests that go beyond Exhibits D through F are not justified as a matter of Cayman Law concerning confidentiality. Specifically, the additional documents have either already been made part of the

Hon. Jessica G. L. Clarke, p. 4

public record in the Cayman Litigation (Exhibits A, B, G, H; *see* Second Goucke Decl. ¶ 7) or do not contain confidential information (Exhibits J, K, L, M; *see* Second Goucke Decl. ¶ 8).[2]

\* \* \*

For the above reasons, the GHF Parties respectfully request that Exhibits D, E, and F to the Declaration of Matthew Goucke in Support of the Application remain under seal and that the GHF Parties be permitted to publicly file a redacted version of the Memorandum of Law as proposed in Exhibit 3 of the Second Goucke Declaration.

Respectfully submitted,

Rahul Mukhi

Attachments

cc: All Counsel of Record

> Sealing request granted in part and denied in part. The application is granted as to (1) Gloucke Exhibits D, E, F and referenced email; (2) those additional exhibits that are documents from the Cayman litigation and have not been publicly disclosed; and (3) corresponding portions of the parties' memoranda of law. The request is otherwise denied.
>
> SO ORDERED:
> 10/18/2023
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

---

[2] Abdulhameed also took the position under Cayman Law that the Witness Statements may not currently be used other than for the purposes of the Cayman Litigation. *See* Second Goucke Decl. ¶ 6. The Witness Statements were filed in fact filed in this Court for purposes of the Cayman Litigation, specifically in support of the Application seeking to obtain evidence for use in that proceeding. *Id.* Nonetheless, in light of Abdulhameed's position and to avoid any distraction, the GHF Parties no longer intend in this proceeding to make use of the Witness Statements, which were only cited for limited purposes in the Application in any event.